**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1072-18T1

MALIC WASHINGTON,

 Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

 Respondent.

_____

   Submitted December 18, 2019 – Decided December 31, 2019

   Before Judges Haas and Mayer.

   On appeal from the New Jersey State Parole Board.

   King, Kitrick, Jackson, McWeeney & Wells, LLC, attorneys for appellant (Michael Delate Schaller, on the brief).

   Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Malic Washington appeals from a September 26, 2018 State Parole Board (Board) final agency decision revoking his parole and establishing a fourteen-month future eligibility term (FET). We affirm.

On March 27, 2007, Washington began conversing on the internet with an adult volunteer working with law enforcement, who he believed was a twelve-year-old girl. Washington stated he wished to meet her for the purpose of engaging in sexual intercourse. On March 31, Washington went to the address provided by the volunteer. After he arrived, the police arrested Washington, who later pled guilty to third-degree attempted sexual assault. On October 24, 2008, the trial court sentenced Washington to a non-custodial term and parole supervision for life (PSL).

As part of his PSL, Washington was subject to a number of conditions, including conditions that required him to refrain from: initiating, establishing, or maintaining contact with any minor without the prior approval of his parole officer; using any computer to create a social networking profile or to access a social networking service or chatroom without prior authorization from his parole officer; purchasing or possessing pornography; possessing children's toys, games, magazines, or clothing without prior permission of his parole

officer; and possessing the names, addresses, pictures, or photos of minors without prior permission of his parole officer.

In 2011, the Board revoked Washington's parole and imposed a twelve-month FET after it found that Washington used an internet device to access online social networking sites without permission, and that he was in possession of pornography.

After his release from custody, Washington violated the PSL conditions again in 2015. This time, he was found with an unapproved cellphone with a camera/video feature containing pictures of minors in provocative poses and "skimpy" clothing. The Board did not revoke Washington's parole for these violations, but did impose additional conditions and more intensive monitoring procedures.

During a home visit conducted on January 26, 2018, Washington's parole officer[1] found that Washington had an unapproved cellphone containing social media applications and websites, including Facebook, Instagram, and a text messaging service called WhatsApp. The phone also had a cache of pornographic images, and a picture of Washington and a minor female. In

_____

[1] Because Washington was living in New York, parole authorities in that state monitored his compliance with the PSL conditions.

A-1072-18T1

addition, the parole officer discovered that Washington was in possession of a video gaming system.

Washington pled guilty to violating the PSL conditions, but argued that his violations were merely "technical." He asserted that: he accessed the social networking sites to seek employment and to contact his friends and family; the pornography found on his cellphone involved images of adults rather than minors; the minor in the photograph was his niece; and he possessed the gaming system for his own use. However, Washington did not seek prior permission from his parole officer to access the social networking sites, have contact with the minor, or possess the gaming system. In addition, the bar against possessing pornography contained no exceptions permitting him to possess pornographic images of adults.

Following a parole revocation hearing, the hearing officer found by clear and convincing evidence that Washington violated the conditions of PSL, and recommended that Washington's parole be revoked with the imposition of a fourteen-month FET. The hearing officer stated:

> [Washington's] first term of PSL was revoked in 2011 for multiple violations. On January 26, 2018, [New York] parole authorities discovered a photo of [Washington] and a minor on [his] cell phone. This was a violation of multiple conditions of supervision, including that [Washington] was not allowed to be in

the presence of a minor without the prior approval of a parole officer. Additionally, it was determined that [Washington] had used his cell phone to access pornographic videos. Additionally, it was determined that [he] was utilizing multiple social networking accounts without approval. It is clear from [Washington's] presentation here that he was aware of these conditions, felt they were too restrictive and, therefore, chose to disregard the conditions. [Washington's] prohibited conduct encompassed a series of violations. [He] has incurred similar violations in the past on PSL. Moreover, the continued use of social networking accounts, not only mirrors a prior PSL violation, but also [his] commitment offense. This Hearing Officer finds that these present violations are both serious and persistent. [Washington] is not amenable to supervision.

On June 20, 2018, a two-member Board Panel reviewed the record and concurred with the hearing officer's determination. The panel revoked Washington's parole and imposed a fourteen-month FET. Washington filed an administrative appeal of this decision and, on September 26, 2018, the full Board affirmed the panel's determination. This appeal followed.

On appeal, Washington argues that the Board's decision "was arbitrary, capricious and unreasonable as it failed to document clear and convincing evidence that [he] seriously or persistently violated the conditions of his parole." We have considered this argument in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a

written opinion. R. 2:11-3(e)(1)(D) and (E). We add the following brief comments.

"Parole Board decisions are highly 'individualized discretionary appraisals.'" Trantino v. N.J. State Parole Bd. ("Trantino VI"), 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). As such, we give great deference to the Board's "expertise in the specialized area of parole supervision." J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017).

In reviewing a final decision of the Board, this court considers: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. Trantino v. N.J. State Parole Bd. ("Trantino IV"), 154 N.J. 19, 24 (1998). Consequently, where the Board has applied the correct legal standard, our role is limited to determining whether the decision was arbitrary, capricious, or unreasonable. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). "The burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

Applying these principles, we are satisfied that the Board's revocation of Washington's parole and the imposition of a fourteen-month FET was supported by sufficient credible evidence in the record and was neither arbitrary, capricious, or unreasonable. Therefore, we affirm substantially for the reasons stated by the Board in its September 26, 2018 final decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1072-18T1